## Silverman Appeal

*Power, Bowen & Valimont,* for appellants.
*E. Dillwyn Darlington,* for Bucks County Department of Health.

GARB, *J.*, December 7, 1977 — This is an appeal by the foregoing property owners under and pursuant to the provisions of the Local Agency Law of December 2, 1968, P.L. 1133, sec. 1, 53 P.S. §11301 et seq., from the order of the Bucks County Department of Health denying them a sewage permit upon the property owned by them in Buckingham Township, being tax parcel 6-10-117. An appeal notice was filed and an answer thereto by the Bucks County Department of Health. As a result thereof a return of the record by the Bucks County Department of Health was filed in this court. Appellants have thereupon filed a motion for judgment on the

pleadings which has been praeciped before the undersigned for disposition under and pursuant to Bucks County Rule of Civil Procedure *266.

We are satisfied that there is no legal basis upon which judgment on the pleadings can be entered in this type of proceeding. Initially, we would note that we do not consider the notice of appeal and answer thereto to be pleadings but rather they represent the legal vehicle through which this matter is brought to the attention of this court under and pursuant to section 7 of the act, 53 P.S. §11307. Motions for judgment on the pleadings are allowed by Pennsylvania Rule of Civil Procedure 1034 as that is applied to other types of civil actions before this court.

On appeals from any final adjudication by a local agency under the Local Agency Law the manner of disposition of such appeal is controlled by section 8 thereof, 53 P.S. §11308. Therein it is provided in sub-section (a) that in the event that a full and complete record of the proceedings before the local agency was not made, the court may hear the appeal de novo or may remand the proceedings to the local agency for the purpose of making a full and complete record or for further disposition in accordance with the order of the court. In sub-section (b) it is provided that in the event that a full and complete record of the proceedings before the local agency was made, the court to which the appeal is taken shall hear the appeal without a jury on the record certified by the local agency. We find nothing in the law to provide for any alternative manner of disposition of local agency law appeals.

In the case before us there is virtually no record of the proceedings held before the local agency. Therefore, we have the option of either hearing this

appeal de novo or remanding to the local agency, the Bucks County Department of Health, for the purpose of making a full and complete record. We deem the latter to be the appropriate course and therefore will enter the following

## ORDER

And now, December 7, 1977, it is hereby ordered, directed and decreed that the motion for judgment on the pleadings is denied and the within proceedings are remanded to the Bucks County Department of Health for the purpose of making a full and complete record.